UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC BANK, NATIONAL ASSOCIATION,
SUCCESSOR TO NATIONAL CITY BANK,

    Plaintiff,

vs.                                                           Case No. 13-10212

NAZ LEASING, LLC, TERRY SEEWALD,          HON. AVERN COHN
BRIAN SEEWALD, and MARIA RABARA,

    Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 9)**[1]

### I. Introduction

This is a contract case involving a promissory note and guarantees. Plaintiff PNC Bank (PNC) is suing defendants, NAZ Leasing, LLC's (NAZ) based on a default under the terms of a commercial promissory note payable to PNC. Defendants, Terry Seewald (T. Seewald), Brian Seewald (B. Seewald), and Maria Rabara (Rabara, collectively with T. Seewald and B. Seewald, the Guarantors), personally guaranteed the repayment of the indebtedness of NAZ. PNC's complaint contains four counts, as follows:

        (1) NAZ's Breach of the Note;

        (2) T.Seewald's Breach of the Guarantee;

        (3) B. Seewald's Breach of the Guarantee; and

---

    [1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

(4) Rabara's Breach of the Guarantee.

Before the Court is PNC's motion for summary judgment. Defendants have not filed a response to the motion and the time for filing a response has passed.[2] For the reasons that follow, the motion will be granted.

## II. Background

### A. The Loan Documents

On August 30, 2077, NAZ executed a promissory note in favor of PNC' in the principal sum of $333,600.00 representing a loan from PNC's predecessor in interest, National City Bank. As security for repayment of the note, T. Seewald, B. Seewald, and Rabara each executed separate, and identical, unconditional guarantees, personally guaranteeing repayment of the full amount owed by NAZ.[3]

NAZ defaulted under the Note by its failure to repay it as agreed. See PNC's Exhibit F — Affidavit of Marques Williams of PNC. PNC demanded the full and immediate repayment of all sums owing from NAZ and the Guarantors pursuant to the note and guarantees. Id. Despite demand for the full and immediate repayment under the note and guarantees, NAZ and the Guarantors have not paid. PNC says that as of August 7, 2013, defendants are jointly and severally indebted to PNC based on the note

---

[2]PNC filed its motion on August 15, 2013. Under the local rules, defendants' response was due by September 6, 2013. On September 11, 2013, defendants filed a statement regarding PNC's motion for summary judgment (Doc. 11) in which defendants affirmatively state that they do not intend to file a response to PNC's motion and leave for the Court to determine whether PNC has established grounds for summary judgment.

[3]Non-party Michelle Bridges also executed a guarantee. She obtained a chapter 7 bankruptcy discharge on December 27, 2012. See In re Bridges, Case No. 12-61338 (Bankr. E.D. Mich).

and guarantees in the amount of $124,136.81, which consists of $80,202.39 in principal, $36,799.72 in interest, and $7,134.70 in late fees. Id. In addition, PNC says there is interest accruing after August 7, 2013, at a rate of $19.72 per day, and legal fees and costs are also due and owing pursuant to the terms of the note and guarantees in the amount of $8,643.00, as of and including August 7, 2013. See PNC's Exhibit G — Affidavit of Marc P. Jerabek of Plunkett Cooney. Accordingly, PNC says the total amount due as of August 7, 2013 was $132,779.81.

### III.  Analysis

### A.

As noted above, defendants have not responded to PNC's motion and do not intend to file a response. That fact alone does not warrant summary judgment in the government's favor. As the Court of Appeals for the Sixth Circuit has explained:

> [U]nder Rule 56(c), a party moving for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Although subsequent Supreme Court cases have redefined the movant's initial burden, see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the requirement that the movant bears the initial burden has remained unaltered. See Celotex, 477 U.S. at 325, 106 S.Ct. at 2553; Street v. J.C. Bradford, 886 F.2d 1472, 1479 (6th Cir.1989). More importantly for all purposes, the movant must always bear this initial burden regardless if an adverse party fails to respond. Adickes, 398 U.S. at 161, 90 S.Ct. at 1610; Kendall v. Hoover Co., 751 F.2d 171, 173–174 (6th Cir.1984); Felix v. Young, 536 F.2d 1126, 1135 (6th Cir.1976). In other words, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

Carver v. Bunch, 946 F.2d 451, 454–55 (6th Cir. 1991); cf. Advisory Committee Note on 1963 Amendment to Subdivision (e) of Fed R. Civ. P. 56 (explaining that the

amendment was not "designed to affect the ordinary standards applicable to the summary judgment motion," and that "[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented").

**B.**

PNC's claims are based on contract. It is well settled law in Michigan that an unambiguous contract must be enforced according to the plain and ordinary meaning of the words used in the instrument. <u>Daimler Chrysler Corp v. G-Tech Prof Staffing, Inc</u>, 260 Mich. App. 183, 185 (2003). Where the contract's language is clear and unambiguous, its meaning is a question of law. <u>Port Huron Ed Ass'n v. Port Huron Area School Dist.</u>, 452 Mich. 309, 323 (1996). The Court must enforce the parties' agreement as written. An "unambiguous contractual provision is reflective of the parties intent as a matter of law" and once discerned will be enforced. <u>Quality Products and Concepts Co v. Nagel Precision, Inc.</u>, 469 Mich. 362, 375 (2003).

PNC has meet its summary judgment burden. The note required that NAZ initially make six interest-only payments, then monthly principal and interest payments of $5,341.96, and a balloon payment for the full amount outstanding on or before February 28, 2015. See PNC's Exhibit B. When NAZ failed to make these payments when agreed, the maturity date of the note was accelerated, and demand for the immediate payment of the entire unpaid balance owed was made. Moreover, the Guarantees, "unconditionally guarantee[d] payment to Lender of all amounts owing under the note. The guarantees remain in effect until the Note is paid in full." See PNC's Exhibits C, D, and E, Pg. 1, Section 1. Under the note and guarantees,

defendants also agreed to pay PNC the costs incurred in enforcing the note and guarantees, including attorneys' fees and costs. See PNC's Exhibit B, Pg. 3, Section 6(B); and Exhibits C, D, and E, Pg 3, Section 9(A). Based on the record, NAZ breached the terms of the note. In turn, the Guarantors breached the terms of the guarantees. As such, the defendants are jointly and severally liable for the outstanding indebtedness due to PNC. Attached as Exhibit F to PNC's motion is the Affidavit of Marques Williams of PNC who sets forth the amounts owed, as the result of the failure to repay the indebtedness to PNC. Additionally, the Affidavit of Marc P. Jerabek of Plunkett Cooney, counsel for PNC, attached as PNC's Exhibit G, sets forth the attorneys' fees and costs incurred in relation to the default.

Based on the record, PNC has established that defendants are liable for breach of the note and guarantees. Moreover, as explained in PNC's motion, defendants have not presented any valid defenses. As such, there exists no genuine issue as to any material fact and PNC is entitled to summary judgment.

## IV.  Conclusion

Accordingly, for the reasons stated above, PNC's motion for summary judgment is GRANTED. The Court shall separately enter judgment in the form presented by PNC, attached as Exhibit I to PNC's motion.

SO ORDERED.

                                               S/Avern Cohn
                                               AVERN COHN
                                               UNITED STATES DISTRICT JUDGE

Dated:  September 18, 2013

Detroit, MI

                        13-10212 PNC Bank v. Terry Seewald, et al

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 18, 2013, by electronic and/or ordinary mail.

                        S/Sakne Chami
                        Case Manager, (313) 234-5160